# Exhibit A

2021CV01686

e-Filed 7/26/2021 7:04 PM

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Janice Miller

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| JACKSON BOONE,<br><br>               **Plaintiff,**<br><br>v.<br><br>**JEFFERY HOTZ and TITAN**<br>**TRANSFER, INC.,**<br><br>               **Defendants.** | **CIVIL ACTION**<br>**FILE NO:   2021CV01686**<br><br><br>**JURY TRIAL DEMANDED** |

### COMPLAINT AND DEMAND FOR TRIAL BY JURY

COMES NOW Plaintiff JACKSON BOONE, and states his Complaint against Defendants JEFFERY HOTZ and TITAN TRANSFER, INC. as follows:

### PARTIES AND JURISDICTION

1.

Plaintiff Jackson Boone is a resident of the State of North Carolina.

2.

Defendant Jeffery Hotz (hereinafter "Hotz") is a citizen and resident of the State of Kentucky, whose last known residence is 503 Windsor Drive, Mayfield, KY 42066. Defendant Hotz is subject to the jurisdiction of this Court pursuant to the Georgia Long Arm Statute, O.C.G.A. § 9-10-91, and may be served by issuing Summons and a second original of this Complaint to him at his address of 503 Windsor Drive, Mayfield, KY 42066. Service on Defendant Hotz may also be perfected through the Georgia Secretary of State pursuant to the Georgia Non-Resident Motorist Act, O.C.G.A. § 40-12-2.

3.

Defendant Hotz is subject to this jurisdiction of this Court.

4.

Defendant Hotz has been properly served with process in this action.

5.

Defendant Titan Transfer, Inc. (hereinafter "Titan") is a for-profit, foreign corporation authorized to do business in the State of Georgia with its principal place of business located at 1200 Stanley Blvd, Shelbyville, TN 37160-9181. Defendant Titan Transfer, Inc. is subject to the jurisdiction of this Court pursuant to the Georgia Long Arm Statute, O.C.G.A. § 9-10-91, and may be served by issuing Summons and a second original of this Complaint to its registered agent G Tommy Hodges at 413 Blue Ribbon Pkwy, Shelbyville, TN 37160-3006.

6.

Defendant Titan is subject to the jurisdiction of this Court.

7.

Defendant Titan has been properly served with process in this action.

8.

Defendants Jeffery Hotz and Titan Transfer, Inc. are joint tortfeasors and as such, venue as to all Defendants is proper in Clayton County, Georgia pursuant to O.C.G.A. § 40-12-3.

## <u>COUNT I</u>
## <u>NEGLIGENCE OF DEFENDANT JEFFERY HOTZ</u>

9.

Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 8 above as if they were fully restated verbatim.

-2-

10.

On or about November 14, 2020, Plaintiff Boone was operating a 2007 GMC Yukon in a safe and prudent manner traveling southbound on Interstate 75 Southbound in Clayton County, Georgia.

11.

At or about the same time and place, Defendant Hotz was driving a 2019 Kenworth T800, owned by Defendant Titan, traveling southbound on Interstate 75 Southbound, when he negligently, recklessly, carelessly and unlawfully operated said truck so as to collide with the rear of Plaintiff's vehicle.

12.

The force of the impact from Defendant Hotz's truck caused Plaintiff's vehicle to collide with a 2016 Toyota Tacoma being driven by Hung Ngo on Interstate 75 Southbound.

13.

Plaintiff suffered multiple injuries as a result of this crash.

14.

At all relevant times, Defendant Hotz owed certain civil duties to Plaintiff. Notwithstanding those duties, Defendant Hotz did violate them in the following particulars:

a.      In failing to make reasonable and proper observations while driving the 2019 Kenworth T800 truck; or, if reasonable and proper observations were made, failing to act thereon;

b.      In following too closely in violation of O.C.G.A. § 40-6-49;

c.      In failing to make timely and proper application of his brakes in violation of

-3-

O.C.G.A. § 40-6-241;

d.  In failing to observe or undertake the necessary precautions to keep the 2019 Kenworth T800 from colliding with Plaintiff's 2007 GMC Yukon in violation of O.C.G.A. § 40-6-390;

e.  In driving the 2019 Kenworth T800 truck without due caution and circumspection and in a manner so as to endanger the person and/or property of others in the immediate vicinity in violation of O.C.G.A. § 40-6-241;

f.  In driving the 2019 Kenworth T800 truck in reckless disregard for the safety of persons and/or property in violation of O.C.G.A. § 40-6-390; and

g.  In committing other negligent and reckless acts and omissions as may be shown by the evidence and proven at trial.

15.

Defendant Hotz's violations of the aforementioned duties of care constitute negligence *per se*.

16.

As a direct and proximate result of the aforesaid negligence and breaches of duty by Defendant Hotz, Plaintiff Boone has suffered significant injuries, medical expenses, and damages. These damages include emotional distress, personal inconvenience, mental and physical pain and suffering, loss of enjoyment of life due to the violence of the collision and injuries to Plaintiff's body and nervous system, plus an inability to lead a normal life. As a result of the subject collision, Plaintiff Boone has incurred in excess of $14,150.00 in past medical expenses.

**COUNT II**
**NEGLIGENCE OF DEFENDANT TITAN TRANSFER, INC.**

-4-

17.

Plaintiff realleges and incorporates herein by reference paragraphs 1 through 16 above as if they were fully restated verbatim.

18.

At all relevant times, Defendant Hotz was an employee and agent of Defendant Titan and Defendant Hotz was driving a 2019 Kenworth T800 within the course and scope of his employment with Defendant Titan at the time of the subject collision with Plaintiff's vehicle.

19.

Defendant Titan is liable for the acts and omissions of Defendant Hotz as Defendant Titan's agent and employee at the time of the collision-in-suit, under the theory of *respondeat superior*.

20.

As a direct and proximate result of the aforesaid negligence and breaches of duty by Defendant Titan, Plaintiff Boone has suffered significant injuries, medical expenses, and damages. These damages include emotional distress, personal inconvenience, mental and physical pain and suffering, loss of enjoyment of life, due to the violence of the collision and injuries to Plaintiff's body and nervous system, plus an inability to lead a normal life. As a result of the subject collision, Plaintiff Boone has incurred in excess $14,150.00 in past medical expenses.

## COUNT III
## NEGLIGENT HIRING AND RETENTION

21.

Plaintiff realleges and incorporates herein by reference paragraphs 1 through 20 above as if they were fully restated verbatim.

22.

Defendant Titan had a duty not to hire or retain drivers it knew or should have known posed a risk of harm to others.

23.

Defendant Titan breached that duty when it negligently hired, contracted with, and/or retained Defendant Hotz as a driver and failed to exercise ordinary care to determine his fitness for the task of driving a commercial motor vehicle.

24.

Plaintiff suffered extensive injuries, pain and suffering, and missed work as a direct and proximate result of Defendant Titan's negligence.

25.

Plaintiff is entitled to recover from Defendant Titan for his past, present and future medical expenses, past, present and future lost earnings, and past, present, and future pain and suffering in an amount to be determined at trial, as well as all other damages allowed under Georgia law.

**COUNT IV**
**NEGLIGENT TRAINING AND SUPERVISION**

26.

Plaintiff realleges and incorporates herein by reference paragraphs 1 through 25 above as if they were fully restated verbatim.

27.

Defendant Titan had a duty to train and/or supervise its drivers in safely and prudently operating a commercial motor vehicle in compliance with federal and local laws and regulations.

28.

Defendant Titan breached this duty when it negligently failed to exercise ordinary care to properly train and/or supervise Defendant Hotz and to ensure his fitness for the task of driving a commercial motor vehicle.

29.

Plaintiff suffered extensive injuries, pain and suffering, and missed work as a direct and proximate result of Defendant Titan's negligence.

30.

Plaintiff is entitled to recover from Defendant Titan for his past, present and future medical expenses, past, present and future lost earnings, and past, present and future pain and suffering in an amount to be determined at trial, as well as all other damages allowed under Georgia law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Jackson Boone respectfully prays and demands as follows:

a.    That Process and Summons issue, as provided by law, requiring Defendants to appear and answer Plaintiff's Complaint;

b.    That service be had upon Defendants as provided by law;

c.    That Plaintiff have and recover general damages from Defendants, as the jury deems is liable to Plaintiff, and in such an amount as the jury deems just and appropriate to fully and completely compensate Plaintiff for all of his injuries and pain and suffering, mental, physical, and emotional, past, present, and future;

d.    That Plaintiff have and recover from Defendants, special damages for past and future medical expenses and loss of income in the past and future in such an amount

as shall be proven at trial;

e.      That this matter be tried to a jury;

f.      That all costs be cast against the Defendants; and

g.      For such other and further relief as this Court deems just and appropriate.

Respectfully submitted this 26th day of July, 2021.

                                        /s/ Zachary P.T. Lundgren
                                        Zachary P.T. Lundgren, Esq.
                                        Georgia Bar No. 817306
                                        Attorney for Plaintiff

MORGAN & MORGAN ATLANTA, PLLC
191 Peachtree Street NE
P.O. Box 57007
Atlanta, Georgia 30343-1007
Tel: (404) 965-1675
Fax: (404) 720-3802
zlundgren@forthepeople.com

-8-

2021CV01686

e-Filed 7/26/2021 7:04 PM

*Tiki Brown*

Tiki Brown
Clerk of State Court
Clayton County, Georgia
Janice Miller

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| JACKSON BOONE, | |
| **Plaintiff,** | **CIVIL ACTION** |
| v. | **FILE NO:** 2021CV01686 |
| JEFFERY HOTZ and TITAN TRANSFER, INC., | |
| **Defendants.** | **JURY TRIAL DEMANDED** |

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT HOTZ

TO:    Defendant Jeffery Hotz
       503 Windsor Dr
       Mayfield, KY 42066

COMES NOW Plaintiff, Jackson Boone and hereby requests that defendant Jeffery Hotz admit for the purpose of this action the truth of the following facts within forty-five (45) days after the date of service hereof and in conformity with O.C.G.A. § 9-11-36. If any request cannot be truthfully admitted or denied, please state in detail the reasons why you cannot truthfully admit or deny the matter. If you cannot admit or deny the request in its entirety, please specify that part which you cannot admit or deny and state in detail the reasons for any such qualifications. If you assert any claim of privilege in response to any or all of these requests, set forth, with respect to each such request(s) as to which a claim of privilege is asserted, the nature of the privilege claimed (e.g. attorney-client, work-product, etc.) and the basis for your claim.

## REQUESTS FOR ADMISSIONS

1.

Please admit that at the time of the incident-in-suit you were driving the 2019 Kenworth

T800 within the course and scope of your employment with Titan Transfer, Inc.

2.

Please admit that you resided at 503 Windsor Dr, Mayfield, KY 42066 at the time this lawsuit was served on you.

3.

Please admit that this action brought against you properly and correctly names the parties to be sued in this case.

4.

Please admit that you were served with the Summons and Complaint in the above-styled action.

5.

Please admit that the 2019 Kenworth T800 operated by you was either owned by you or was being operated by you with the knowledge, permission and consent of its owner at the time of the subject incident with Plaintiff.

6.

Please admit that you were negligent in the operation of the 2019 Kenworth T800 which resulted in the subject collision with Plaintiff's vehicle.

7.

Please admit that you received a citation issued by the investigating law enforcement agency arising out of the subject collision.

8.

Please admit that you pled guilty to said citation in connection with the subject collision.

2021CV01686

9.

Please admit that Plaintiff was injured in the subject collision.

10.

Please admit that Plaintiff's actions did not cause or contribute to the subject collision.

11.

Please admit that Plaintiff incurred medical expenses for treatment of injuries resulting from the subject collision.

12.

Please admit that Plaintiff's medical expenses were reasonable and necessary for the care and treatment of the injuries sustained in the subject collision.

13.

Please admit that you were properly served with process in this action.

14.

Please admit that venue for the above styled action is proper in Clayton County, Georgia.

15.

Please admit that this Court has personal jurisdiction over you for the purposes of this lawsuit.

*This Request for Admissions is served upon you together with Plaintiff's Summons and Complaint.*

This 26th day of July, 2021.

By:    */s/ Zachary P.T. Lundgren*
       Zachary P.T. Lundgren, Esq.
       Georgia Bar No. 817306
       *Attorney for Plaintiff*

-3-

**MORGAN & MORGAN ATLANTA, PLLC**
191 Peachtree Street NE
P.O. Box 57007
Atlanta, Georgia 30343-1007
Tel: (404) 965-1675
Fax: (404) 720-3802
zlundgren @ forthepeople.com

-4-

2021CV01686

e-Filed 7/26/2021 7:04 PM

*Tiki Brown*
Tiki Brown
Clerk of State Court
Clayton County, Georgia
Janice Miller

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| JACKSON BOONE, | |
| **Plaintiff,** | **CIVIL ACTION** |
| v. | **FILE NO: 2021CV01686** |
| JEFFERY HOTZ and TITAN TRANSFER, INC., | |
| **Defendants.** | **JURY TRIAL DEMANDED** |

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS
## TO DEFENDANT TITAN TRANSFER, INC.

TO:    Defendant Titan Transfer, Inc.
       Registered Agent: G Tommy Hodges
       413 Blue Ribbon Pkwy
       Shelbyville, TN 37160-3006

COMES NOW Plaintiff, Jackson Boone, and hereby requests that Defendant Titan Transfer, Inc., admit for the purpose of this action the truth of the following facts within forty-five (45) days after the date of service hereof and in conformity with O.C.G.A. § 9-11-36. If any request cannot be truthfully admitted or denied, please state in detail the reasons why you cannot truthfully admit or deny the matter. If you cannot admit or deny the request in its entirety, please specify that part which you cannot admit or deny and state in detail the reasons for any such qualifications. If you assert any claim of privilege in response to any or all of these requests, set forth, with respect to each such request(s) as to which a claim of privilege is asserted, the nature of the privileged claimed (e.g. attorney-client, work-product, etc.) and the basis for your claim.

The matters requested admitted are the following:

1.

Please admit that Defendant Titan Transfer, Inc. was personally served with the Summons and Complaint in the above-styled action.

2.

Please admit that you have been properly served with process in this action.

3.

Please admit that you raise no defenses as to insufficiency of process or insufficiency of service in this action.

4.

Please admit that venue for the above-styled case is proper in Clayton County, Georgia.

5.

Please admit that this Court has jurisdiction over Defendant Titan Transfer, Inc. for the purpose of this lawsuit.

6.

Please admit that Defendant Jeffery Hotz was the employee of Defendant Titan Transfer, Inc. at the time of the subject collision with Plaintiff's vehicle.

7.

Please admit that Defendant Hotz was operating the 2019 Kenworth T800 at the time of the collision in the course and scope of his employment with Defendant Titan Transfer, Inc.

8.

Please admit that Defendant Hotz was driving the subject 2019 Kenworth T800 within the course and scope of his agency relationship with Defendant Titan Transfer, Inc. at the time of

the collision-in-suit.

9.

Please admit that Defendant Hotz was driving the subject 2019 Kenworth T800 truck within the course and scope of his contractual relationship with Defendant Titan Transfer, Inc. at the time of the collision-in-suit.

10.

Please admit that Defendant Jeffery Hotz was driving the subject 2019 Kenworth T800 truck within the course and scope his lease relationship with Defendant Titan Transfer, Inc. at the time of the collision-in-suit.

11.

Please admit that Defendant Titan Transfer, Inc. is liable under the doctrine of *respondeat superior* for the negligent acts and omissions of Defendant Jeffery Hotz at the time of the subject collision.

This 26th day of July, 2021.

Respectfully submitted,

*/s/ Zachary P.T. Lundgren*
Zachary P.T. Lundgren, Esq.
Georgia Bar No. 817306
*Attorney for Plaintiff*

MORGAN & MORGAN ATLANTA, PLLC
191 Peachtree Street NE
P.O. Box 57007
Atlanta, Georgia 30343-1007
Tel: (404) 965-1675
Fax: (404) 720-3802
zlundgren@forthepeople.com

-3-

2021CV01686

e-Filed 7/26/2021 7:04 PM

*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Janice Miller

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| JACKSON BOONE,<br><br>        **Plaintiff,**<br><br>v.<br><br>**JEFFERY HOTZ and TITAN TRANSFER, INC.,**<br><br>        **Defendants.** | **CIVIL ACTION<br>FILE NO:** 2021CV01686<br><br><br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT HOTZ

TO:    Defendant Jeffery Hotz
        503 Windsor Dr
        Mayfield, KY 42066

Plaintiff, pursuant to O.C.G.A. §§ 9-11-33 and 9-11-34, submits herewith to the above-named Defendant (hereinafter referred to "you" or "your") for response within forty-five (45) days after service hereof, in the form provided by law, the following interrogatories and request for production of documents.

You are required, when answering these interrogatories, to furnish all information that is available to you, your attorneys or agents, and anyone else acting on your behalf. If the complete answer to an interrogatory is not known to you, you shall so state and answer the interrogatory to the fullest extent possible.

These interrogatories are deemed to be continuing and you are required to provide, by way of supplementary answers to these interrogatories, such additional information as may be obtained hereafter by you, your attorneys or agents, or anyone else acting on your behalf, which information will augment or modify any answer given to the attached interrogatories. All such supplemental

answers must be filed and served upon the counsel of record for the above-named Plaintiff within a reasonable time after discovery or receipt of such additional information, but in no event later than the time of the trial.

The documents requested to be produced for inspection and copying are to be produced at the offices of Morgan & Morgan, PLLC, 191 Peachtree Street N.E., Suite 4200, Atlanta, Georgia 30303 within forty-five (45) days following receipt of this request unless the 45th day falls on a holiday or weekend, in which event the production will take place on the Monday following the 45th day; or in the event the time for response is shortened by court order, then the shorter time frame shall be applicable. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

You are also required, pursuant to the Civil Practice Act, to produce at trial the materials and documents requested herein.

The following definitions and instructions are applicable to each interrogatory unless negated by the context:

## I.   **DEFINITIONS**

"Document" means any written, recorded, or graphic matter in whatever form, including copies, drafts, and reproductions thereof to which you have or have had access, including, but not limited to, correspondence, memoranda, tapes, stenographic or handwritten notes, studies, publications, books, contracts, agreements, checks, bills, invoices, pamphlets, pictures, films, voice recordings, maps, graphs, reports, surveys, minutes of statistical compilations; every copy of such writing or record where the original is not in your possession, custody or control, and every copy of such writing or record where such copy is not an identical copy of an original or where

such copy contains any commentary or notation whatsoever that does not appear on the original.

"Person" shall mean a natural person, proprietorship, partnership, corporation, cooperative, association, firm, group, or any other organization or entity.

"Communication" means the transmittal of information from one or more persons to another person or persons, whether the medium for transmittal be oral, written or electronic.

"Date" shall mean the exact day, month and year, if ascertainable, or if not, the best available approximation (including relationship to other events).

"Identify" or "Identity", when used in reference to:

(a)     an individual, shall mean to state the full name, present or last known residence address (designating which), residence telephone number, present or last known employment address (designating which), employment telephone number, and employment title or capacity.

(b)     a firm, partnership, corporation, proprietorship, association or other organization or entity, shall mean to state its full name and present or last known address (designating which) and the legal form of such entity or organization.

(c)     document shall mean to state: the title (if any), the date, author, sender, recipient, the identity of person signing it, type of document (i.e., a letter, memorandum, notation, book, telegram, chart, etc.) or some other means of identifying it, and its present location or custodian. In the case of a document that was, but is no longer, in the possession, custody or control of Defendant, state what disposition was made of it, why, when and by whom.

Whenever the context so requires, the plural shall include the singular, the singular the plural, the masculine the feminine and neuter, and the neuter the masculine and feminine.

## II.     INTERROGATORIES

1.

Please state your full name, current address, current employer, date of birth, social security number, and driver's license number.

2.

State the name and address of any person, including any party, who to your knowledge information or belief:

(a)     was an eyewitness to the incident underlying this litigation;

(b)     has some knowledge of any fact or circumstance upon which your defense is based; or

(c)     has conducted any investigation relating to the incident underlying this litigation or the background, employment, medical history or activities of the Plaintiff.

3.

Please identify any and all statements or reports given by any person identified in your response to Interrogatory No. 2.

4.

Has any entity issued a policy of liability insurance to you or which is or arguably should be extending insurance coverage to you? If so, please state for each policy:

(a)     the name of the insurer providing liability insurance;

(b)     the limits of coverage;

(c)     the name of the insured on the policy; and

(d)     the policy number.

5.

Has any insurer referred to in your answer to Interrogatory No. 4 denied coverage or reserved its rights to later deny coverage under any such policy of liability insurance? If so, please explain.

6.

State each and every fact supporting your contention that the Plaintiff's actions contributed to the incident underlying this litigation and identify:

(a)     each eyewitness that will testify to those facts; and

(b)     each and every document or tangible piece of evidence that will evidence those facts.

7.

If you intend to call any expert or technician as a witness at the trial of this action, for each expert or technician please:

(a)     state the subject matter on which s/he is expected to testify;

(b)     state in detail the opinions held by each such expert or technician; and

(c)     give a complete summary of the grounds for each opinion held.

8.

Were you on the business of any individual or entity at the time of the subject incident? If so, please identify any such individual or entity, including name, address and telephone number.

9.

If you have ever been arrested or convicted of any crime (other than minor traffic offenses), even if that arrest or conviction has been removed from your record, please identify each crime or

-5-

alleged violation, date of arrest, the arresting authority, the court in which any criminal proceeding against you was held, and the disposition of each charge. (See Lewis v. The State, 243 Ga. 443; Hightower v. G.M., 175 Ga. App. 112).

10.

Please state each and every prior collision or prior insurance claim which you are aware the Plaintiff has been involved in, or the Plaintiff has made, and state whether your agents have procured an ISO claims index report.

11.

State each and every fact supporting your contention that the Plaintiff's alleged injuries pre-existed the incident underlying this litigation and identify:

(a)     each eyewitness that will testify to those facts; and

(b)     each and every document or tangible piece of evidence that will evidence those facts.

12.

State each and every fact supporting your contention that the Plaintiff has uttered inconsistent statements with regard to material facts at issue in this litigation and identify:

(a)     each eyewitness that will testify to those facts; and

(b)     each and every document or tangible piece of evidence that will evidence those facts.

13.

If you contend that the Plaintiff has been convicted of or pled guilty to a crime of moral turpitude and/or felony, please identify:

(a)     each eyewitness that will testify to those facts; and

(b)     each and every document or tangible piece of evidence that will evidence those facts.

14.

What do you contend caused the incident underlying this litigation?

15.

State each and every fact supporting your contention that you are not the sole proximate cause of the incident underlying this litigation and identify:

(a)     each eyewitness that will testify to those facts; and

(b)     each and every document or tangible piece of evidence that will evidence those facts.

16.

What was/were the disposition(s) of the traffic citation(s) issued to you in relation to the incident underlying this litigation?

17.

Do you contend that any of the named Defendants have been improperly named as parties to this action and/or that improper or incorrect agents for service were used to effectuate service upon the Defendants? If your answer to either of these inquiries is "yes," please provide a detailed explanation as to why you contend that the named Defendants have been improperly named or the agents used for service were improper and provide the complete and correct name of the entities or individuals you contend should have been named and/or served.

18.

Do you contend that venue is improper in this court as to any of the named Defendants, jurisdiction is lacking over any of the named Defendants in this Court, or that service of process has been deficient on any of the named Defendants in this matter? If so, please describe and state with specificity all factual and legal basis supporting any such contention(s).

19.

With regard to the subject truck being operated at the time of the subject incident, please identify:

(a)     the owner and/or lessee of the vehicle;

(b)     the frequency with which you drove the vehicle;

(c)     who paid for the gas and maintenance on the vehicle; and

(d)     if you did not own the vehicle, state whether or not you had the permission of the owner/lessee to be driving the vehicle at the time of the subject incident.

20.

Do you have a driver's license? If so, please state when you first acquired any driver's license, what type it is, and what are/were the restrictions on it.

21.

At any other time, either before or after the subject incident, have you ever been arrested for driving under the influence or for any other drug or alcohol related charge?

22.

What is your citizenship and identify any documents supporting your contention.

-8-

23.

For each request to admit that you denied, please identify:

(a)     each eyewitness that will testify to those facts supporting your denial; and

(b)     each and every document or tangible piece of evidence that will evidence facts supporting your denial.

III.     **REQUEST FOR PRODUCTION OF DOCUMENTS**

1.

Any and all videotapes, photographs, plats or drawings of the vehicles, parties, scene of the incident or any other matter material to the incident underlying this litigation.

2.

Any and all videotapes, photographs, reports, data, memoranda, handwritten notes, or other documents reviewed by or generated by any expert or technician identified in your response to Interrogatory No. 7.

3.

Any and all medical records, videotapes, photographs or other evidence concerning, referencing or depicting Plaintiff.

4.

A copy of any and all photographs and/or videotapes depicting the Plaintiff doing anything.

5.

Any and all documents obtained through a request for production of documents or subpoena.

6.

Any and all documents regarding the property damage estimate of repairs and/or repair bills which you claim were sustained as a result of the incident.

7.

Any and all documents which would in any way challenge, diminish or refute any of the Plaintiff's claimed injuries, medical and/or hospital bills, or lost earnings related to the subject incident.

8.

Any and all insurance policies, including declarations pages, which might provide benefits related to the subject incident regardless of whether the insurer agrees there was coverage.

9.

Any and all taped or written statements taken from Plaintiff, or any other potential witnesses to this lawsuit, by anyone acting on behalf of Defendants or Defendants' insurer(s).

10.

Any and all documents, books, writings or other tangible things which support any defenses you rely upon in your defense to this lawsuit.

11.

A copy of the title and tag registration on the vehicle you were driving at the time of the subject incident.

12.

Any and all documents reflecting the disposition of any charges made against you in the subject incident, including the citations identified in your answer to Interrogatory No.16.

13.

A copy of your current driver's license and all drivers' licenses you have held in the past five (5) years.

14.

Any and all documents related to Plaintiff's medical treatment for injuries allegedly received in the subject incident.

15.

Any and all documents related to the medical treatment Plaintiff received prior to the subject incident.

16.

Any and all documents which you contend in any way impeach or discredit the Plaintiff.

17.

For any document which has not been produced on grounds of privilege, please state the following:

(a)     the date each document was generated;

(b)     the person generating each document;

(c)     the present custodian of each document; and

(d)     a description of each document.

*These Interrogatories and Request for Production of Documents are served upon you together with Plaintiff's Complaint.*

**[SIGNATURE ON FOLLOWING PAGE]**

2021CV01686

This 26th day of July, 2021.

Respectfully submitted,


/s/ Zachary P.T. Lundgren
Zachary P.T. Lundgren, Esq.
Georgia Bar No. 817306
*Attorney for Plaintiff*

**MORGAN & MORGAN ATLANTA, PLLC**
191 Peachtree Street NE
P.O. Box 57007
Atlanta, Georgia 30343-1007
Tel:  (404) 965-1675
Fax: (404) 720-3802
zlundgren@forthepeople.com

2021CV01686

e-Filed 7/26/2021 7:04 PM

*Tiki Brown*
Tiki Brown
Clerk of State Court
Clayton County, Georgia
Janice Miller

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

|  |  |
|---|---|
| JACKSON BOONE,<br><br>Plaintiff,<br><br>v.<br><br>JEFFERY HOTZ and TITAN TRANSFER, INC.,<br><br>Defendants. | CIVIL ACTION<br>FILE NO: 2021CV01686<br><br><br>JURY TRIAL DEMANDED |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT TITAN TRANSFER, INC.

TO:    Defendant Titan Transfer, Inc.
        Registered Agent: G Tommy Hodges
        413 Blue Ribbon Pkwy
        Shelbyville, TN 37160-3006

Plaintiff, pursuant to O.C.G.A. §§ 9-11-33 and 9-11-34, submits herewith to the above-named Defendant (hereinafter referred to "you" or "your") for response within forty-five (45) days after service hereof, in the form provided by law, the following interrogatories and request for production of documents.

You are required, when answering these interrogatories, to furnish all information that is available to you, your attorneys or agents, and anyone else acting on your behalf. If the complete answer to an interrogatory is not known to you, you shall so state and answer the interrogatory to the fullest extent possible.

These interrogatories are deemed to be continuing and you are required to provide, by way of supplementary answers to these interrogatories, such additional information as may be obtained hereafter by you, your attorneys or agents, or anyone else acting on your behalf, which information

will augment or modify any answer given to the attached interrogatories. All such supplemental answers must be filed and served upon the counsel of record for the above-named Plaintiff within a reasonable time after discovery or receipt of such additional information, but in no event later than the time of the trial.

The documents requested to be produced for inspection and copying are to be produced at the offices of Morgan & Morgan, P.A., 191 Peachtree Street N.E., Suite 4200, Atlanta, Georgia 30303 within forty-five (45) days following receipt of this request unless the 45th day falls on a holiday or weekend, in which event the production will take place on the Monday following the 45th day; or in the event the time for response is shortened by court order, then the shorter time frame shall be applicable. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

You are also required, pursuant to the Civil Practice Act, to produce at trial the materials and documents requested herein.

The following definitions and instructions are applicable to each interrogatory unless negated by the context:

## I.   DEFINITIONS

"Document" means any written, recorded, or graphic matter in whatever form, including copies, drafts, and reproductions thereof to which you have or have had access, including, but not limited to, correspondence, memoranda, tapes, stenographic or handwritten notes, studies, publications, books, contracts, agreements, checks, bills, invoices, pamphlets, pictures, films, voice recordings, maps, graphs, reports, surveys, minutes of statistical compilations; every copy of such writing or record where the original is not in your possession, custody or control, and every

copy of such writing or record where such copy is not an identical copy of an original or where such copy contains any commentary or notation whatsoever that does not appear on the original.

"Person" shall mean a natural person, proprietorship, partnership, corporation, cooperative, association, firm, group, or any other organization or entity.

"Communication" means the transmittal of information from one or more persons to another person or persons, whether the medium for transmittal be oral, written or electronic.

"Date" shall mean the exact day, month and year, if ascertainable, or if not, the best available approximation (including relationship to other events).

"Identify" or "Identity", when used in reference to:

(a)     an <u>individual</u>, shall mean to state the full name, present or last known residence address (designating which), residence telephone number, present or last known employment address (designating which), employment telephone number, and employment title or capacity.

(b)     a <u>firm, partnership, corporation, proprietorship, association or other organization or entity</u>, shall mean to state its full name and present or last known address (designating which) and the legal form of such entity or organization.

(c)     <u>document</u> shall mean to state: the title (if any), the date, author, sender, recipient, the identity of person signing it, type of document (i.e., a letter, memorandum, notation, book, telegram, chart, etc.) or some other means of identifying it, and its present location or custodian. In the case of a document that was, but is no longer, in the possession, custody or control of Defendant, state what disposition was made of it, why, when and by whom.

Whenever the context so requires, the plural shall include the singular, the singular the plural, the masculine the feminine and neuter, and the neuter the masculine and feminine.

2021CV01686

## II.   **INTERROGATORIES**

1.

Please identify the persons or entities who in any way owned and/or leased the subject truck or trailer referred to in the Complaint at the time of the incident involving the Plaintiff. If the ownership changed at any time since said occurrence, please identify every subsequent person or entity.

2.

Please state the factual basis for your assertions, if any, that this Court lacks jurisdiction or venue over Defendants, that there has been an insufficiency of process of service of Plaintiff's Complaint, and/or that there has been an insufficiency of service of process upon the Defendants.

3.

Please state whether Jeffery Hotz was acting within the course and scope of his employment with Defendant Titan Transfer, Inc. at the time of the incident at issue. If you claim he was not acting within the course and scope of his employment, please detail the basis of your denial.

4.

Please state the name and address of any potential party to this lawsuit, not already a party thereto, and state your claims and reasons for same.

5.

If the truck involved in the subject incident belongs to someone other than this Defendant, please explain the circumstances under which the vehicle came into the possession of the operator, the purpose for which the vehicle was being used and its destination.

2021CV01686

6.

If you have ever been a Defendant in a lawsuit involving personal injuries in Georgia, identify the person(s) involved, give the style and number of the case, the nature of the litigation and the court before which the suit was filed.

7.

State specifically and in detail when, where and how you claim the occurrence happened which is the basis of this lawsuit.

8.

Identify all United States statutes, state statutes, city ordinances, county ordinances, and all other governmental laws, rules or regulations which you contend the Plaintiff violated with respect to the incident giving rise to this lawsuit.

9.

Give the name, address and telephone number of all persons that to you or your representative's knowledge, information or belief were eyewitnesses to the incident giving rise to this lawsuit or have knowledge of any fact or circumstance regarding the incident giving rise to this lawsuit.

10.

State the name, address and employer of all persons who to your knowledge, information or belief have investigated any aspect of the occurrence which is the subject of this litigation, and indicate whether or not each has made a written record of the investigation or any part thereof.

11.

Please state the name and address of all expert witnesses or professional consultants

-5-

retained or consulted by you or on your behalf to make an evaluation or investigation of the cause of the occurrence giving rise to this lawsuit or the damages sustained by Plaintiff. This request includes each expert expected to testify at trial and state the subject matter the expert is expected to testify about, the substance of the facts and opinions to which the expert is expected to testify, and give a summary of the grounds for each opinion. See O.C.G.A. § 9-11-26(b)(4)(A)(i). Please note that this interrogatory applies to all expert witnesses including all practitioners of the healing arts.

12.

With regard to each statement (oral, written, recorded, court or deposition transcript, etc.) taken from any person with knowledge relevant to this lawsuit, please state the name of each person giving each statement, the name and address of the person or entity taking each statement, the date each statement was taken, and the name and address of each person having possession, custody or control of each statement.

13.

Please identify with specificity any accident or incident involving personal injuries in which Defendant Hotz has been involved, either before or after the incident that is the subject matter of this litigation, including the date, time and place of occurrence, the name, address and telephone number of all parties involved in said accident, the address of the investigating police department, personal injuries, if any, claimed in such accident and a short description of how the accident occurred.

14.

Describe with particularity all photographs, charts, diagrams, videotapes, documents,

2021CV01686

illustrations, and/or other tangible items, of any person, place or thing involved in this lawsuit, giving the date each was made and the name and address of the person(s) with possession, custody or control of each item. (NOTE: You need not describe any document that was produced and specifically listed as having been produced in your responses to Plaintiffs' first request for production of documents.)

15.

State the substance of each conversation you had with Plaintiff or any representative of Plaintiff at any time.

16.

For the date of the incident that is the subject of this lawsuit, state the times in which Defendant Hotz went to work and the times he quit work on that date, and on each of the previous seven (7) days.

17.

Please state the point of origin, the destination, the reason for the trip, and at whose request Defendant Hotz was driving the subject truck or tractor-trailer at the time of the incident described in Plaintiff's Complaint.

18.

If Defendant Hotz has ever been given a citation for traffic offenses or a work reprimand preceding the incident which is the subject of this lawsuit, please state the date and place where the citation(s) or reprimands were issued and the disposition(s) of each.

19.

Please state the make, year, weight and model of the subject truck or tractor and trailer

involved in the incident, and please identify the last date preceding the incident on which the tires were replaced or repaired on the vehicle, and please identify all mechanical repairs or services to the trailer preceding the crash.

20.

Has Defendant Hotz ever had a driver's license suspended, canceled, revoked, or containing any restrictions of any sort in the past, at the time of the incident, or after the incident forming the basis of Plaintiff's Complaint?

21.

Please state the factual basis for each defense that you assert in this action.

22.

If you contend that the Plaintiff acted, or failed to act, in a manner as to cause or contribute to the occurrence made the basis of this suit, please set forth each and every fact or act upon which your contention is based.

23.

For each insurance agreement that may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse you for payments made to satisfy this judgment, please state the name and address of each insurer, the amount of coverage available to satisfy such a judgment, and any conditions upon which the insurer has purported to reserve its rights to decline coverage.

24.

Please identify any and all documentary or other tangible evidence, not previously identified or produced, which you believe demonstrates and/or supports facts relevant to the claims

2021CV01586

and or defenses in this case.

25.

Please identify all policies and procedures in effect to supervise and regulate your drivers to determine their ability to safely operate and maintain tractor-trailer vehicles, such as the vehicle driven by Defendant Hotz forming the basis of Plaintiff's Complaint.

26.

Did you make a determination as to whether this incident was preventable by or chargeable to Hotz? If so, please state your determination and the reasons therefore.

27.

As to each statement or report, written, taped or otherwise, which has been made by any person concerning the occurrence complained of, please describe each such statement or report, giving as to each such statement or report the name of the person giving such statement or report, the date of same and the present location of such statement or report or any copy thereof.

28.

If you, your attorney, your insurance carrier or anyone acting on your or their behalf, have or know of any photographs, motion pictures, maps, drawings, diagrams, measurements, surveys or other descriptions concerning the events and happenings alleged in the Complaint, scene of the accident, the area, or persons, or vehicles involved made either before, after or at the time of the event in question, as to each such item, state:

    a)     what each such item purports to show, illustrate or represent;

    b)     the date it was made or taken; and

    c)     the names and address of the person having custody of such item.

29.

Do you know of any test(s), experiment(s) or accident reconstruction(s) which in any way illustrate or demonstrate either the manner of the occurrence or any contributing cause of the occurrence? If so, state the full name, address and telephone numbers of any person performing such test(s), experiment(s) or reconstruction(s), and provide a summary of any findings.

30.

Please state by whom Defendant Hotz was given permission to operate the subject truck or tractor trailer and on what date authorization was given.

31.

Detail each and every arrangement or agreement between Defendant Hotz and Titan Transfer, Inc., or any other individual or entity under which Hotz was performing services at the time of the subject incident.

32.

State the date and time of each and every inspection of the subject truck or tractor and trailer prior to this incident. For each inspection, detail how the inspection was performed, identify who was present and the results of the inspection.

33.

Are you a motor common carrier for hire?

34.

Please state the names, addresses and job positions of all operations managers who were either working at the time of this incident or have knowledge of this incident.

35.

Please state whether you have attempted to surveil or observe Plaintiff at any time after the collision forming the basis of Plaintiff's Complaint, and state whether any video tapes, pictures or reports were taken or made regarding such surveillance, the date(s) the surveillance was conducted, and the person who conducted the surveillance or observation. (NOTE: This Interrogatory is broad and seeks to discover all post-collision surveillance even if such attempts were unsuccessful.)

36.

Please provide the present location of the tractor-trailer involved in this incident, state whether it has been altered or repaired following the incident, and identify the nature of the alteration or repairs, the person or entity who made such alterations or repairs, and any documentation regarding such alteration or repairs.

37.

Please state whether Defendant Hotz received any verbal or written disciplinary action as a result of the incident at issue, and if so, please state the nature of the discipline, identify all persons with knowledge of the disciplinary action, and the result of such action.

38.

Please identify whether the subject truck or tractor trailer driven by Defendant Hotz was equipped with any monitoring or recording devices (i.e., a "black box") at the time of the incident at issue, and if so, please identify all documents generated therefrom.

## III.    **REQUEST FOR PRODUCTION**

Defendant is requested to produce and identify each of the following:

-11-

1.

All accident reports, documents, photographs, charts, diagrams, videotapes, and other illustrations of any person, place or thing involved in this lawsuit including but not limited to the scene of the incident where the incident is alleged to have occurred, any instrumentality alleged to have caused the alleged damages, damaged parts of any vehicle or equipment, or any other relevant event or thing which is the subject of this Complaint.

2.

Copies of any and all statements, whether recorded, oral or otherwise, in your control or obtained on your behalf.

3.

All documents evidencing, reflecting, relating to or constituting any communication between Defendants and Plaintiff or any third person or entity relating to the incident or matters involved in this lawsuit, including without limitation all correspondence, letters, notes, tapes, memoranda, and any other evidence of communications that in any way relates to this incident.

4.

The original or a certified true and accurate copy of the declaration sheet or coverage page and all applicable insurance policies that may provide coverage or benefits to the Defendants in connection with this occurrence, including any coverage available to Defendant Titan Transfer, Inc. (This request seeks each and every policy that may provide coverage in any amount.)

5.

Copies of any and all transcripts from any investigation, hearing or any judicial or quasi-judicial hearing or investigation relating to the incident giving rise to this Complaint.

2021CV01686

6.

Copies of the entire file, bills, all reports, memoranda or notes from any expert who has investigated any aspect or element of the subject incident or who you intend to call as a witness.

7.

The complete personnel file of Jeffery Hotz.

8.

Please produce Jeffery Hotz driver's qualification file.

9.

Please provide all maintenance and repair records on the truck and/or tractor and trailer involved in this incident, including the vehicle maintenance file and all documents created as a result of the incident in question. (This request also includes all documents, purchase invoices, repair estimates, previous damage, repair or maintenance documents, appraisals, property damage reports, daily vehicle condition report or inspection report, or any tangible evidence pertaining to the upkeep of the tractor and trailer involved in the occurrence which is the subject matter of this civil action.)

10.

All documents evidencing, reflecting, and/or relating to any damage or expenses that you received, incurred or obtained as a result of this incident, including copies of any and all repair estimates or other statements reflecting any value and/or the extent of the damage to your truck, trailer or equipment at issue.

11.

Each document submitted by you, or received from the police, the Interstate Commerce

-13-

2021CV01686

Commission, Department of Transportation or any other State, Federal or municipal entity investigating this incident.

12.

All policies or procedures regarding the inspection and maintenance of your truck and/or tractor and trailer and any inspection records for the truck and/or tractor and trailer involved in the subject incident.

13.

Any and all documents in any way pertaining to Jeffery Hotz reflecting or regarding his driver log books, driver's qualification file, personnel file, drug or alcohol tests, driver trip reports, driver trip envelopes, incidents reports for this incident and any other collisions involving Jeffery Hotz, his driving history, drug tests, hours of service, record of duty status, orders for the trip at issue in this case, hours of service for the preceding two weeks, or documents regarding the operation of Defendants' equipment.

14.

Any and all documents required to be maintained by DOT/CFR regulations, or Georgia's motor vehicle laws, as it relates to Defendant Hotz or the truck and/or tractor and trailer at issue.

15.

Any and all documentary evidence or other tangible evidence which relates or is reasonably calculated to lead to the discovery of relevant or admissible evidence regarding any of the Plaintiff's claims in this action or Defendants' defenses.

16.

Copies of all company policies and procedures pertaining to the operation of trucks and

-14-

any policies and procedures that in anyway apply to, cover, or govern Hotz's employment.

17.

Copies of all work orders, daily loads and/or work reports for November 14, 2020, as it relates to the driver, truck, trailer, or trip which is the subject of this incident.

18.

Copies of all documents or complaints for all personal injury claims or litigation involving injuries resulting from a collision involving a Titan Transfer, Inc. vehicle prior November 14, 2020.

19.

All documents that you receive in response to your Requests for Production of Documents to nonparties.

20.

Any and all documents identified, referenced, or used to answer any of Plaintiff's discovery or supporting or relating to Plaintiff's or Defendants' contentions of negligence.

21.

Please produce all books, documents and/or other tangible things which prove, support, or constitute evidence of any facts or circumstances upon which you base the allegations in the Answer or issues of liability.

22.

Please produce the certificate of title, and/or other proof of ownership, and/or lease agreement for the truck and/or tractor trailer involved in the wreck that is the subject matter of this civil action.

2021CV01686

23.

Any and all documents that support your allegations, if any, that this Court lacks jurisdiction over any Defendants, that there has been an insufficiency of process of service of Plaintiff's Complaint, and/or that there has been an insufficiency of service of process upon any Defendants.

24.

Copies of any and all reports, interoffice memoranda or other documents relating to matters which are the subject of this Complaint.

25.

Copies of any and all log books for Defendant Hotz for the months of September 2020, October 2020 and November 2020.

26.

Copies of any and all documentary evidence which is relevant to any issue in this action or which might lead to the discovery of other admissible evidence.

This 26th day of July, 2021.

Respectfully submitted,

*/s/ Zachary P.T. Lundgren*
Zachary P.T. Lundgren, Esq.
Georgia Bar No. 817306
*Attorney for Plaintiff*

MORGAN & MORGAN ATLANTA, PLLC
191 Peachtree Street NE
P.O. Box 57007
Atlanta, Georgia 30343-1007
Tel:  (404) 965-1675
Fax: (404) 720-3802
zlundgren@forthepeople.com

-16-

2021CV01686

e-Filed 7/26/2021 7:04 PM

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Janice Miller

# IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **JACKSON BOONE,** | |
| **Plaintiff,** | **CIVIL ACTION** |
| **v.** | **FILE NO: 2021CV01686** |
| **JEFFERY HOTZ and TITAN TRANSFER, INC.,** | |
| **Defendants.** | **JURY TRIAL DEMANDED** |

## RULE 5.2 CERTIFICATE OF SERVICE

This is to certify that pursuant to Uniform Court Rule 5.2, I have served upon all Defendants in the foregoing matter with a copy of the following:

Plaintiff hereby certifies that a true and correct copy of the following was delivered for service with the summons.

1. PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT JEFFERY HOTZ;
2. PLAINTIFF'S FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT JEFFERY HOTZ;
3. PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT TITAN TRANSFER, INC.;
4. PLAINTIFF'S FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT TITAN TRANSFER, INC.

This 26th day of July, 2021.

Respectfully submitted,

/s/ Zachary P.T. Lundgren
Zachary P.T. Lundgren, Esq.
Georgia Bar No. 817306
*Attorney for Plaintiff*

2021CV01686

MORGAN & MORGAN ATLANTA, PLLC
191 Peachtree Street NE
P.O. Box 57007
Atlanta, Georgia 30343-1007
Tel:  (404) 965-1675
Fax: (404) 720-3802
zlundgren@forthepeople.com

-2-

2021CV01686                                                          e-Filed 7/26/2021 7:04 PM

*Tiki Brown*
Tiki Brown
Clerk of State Court
Clayton County, Georgia
Janice Miller

# IN THE STATE COURT OF CLAYTON COUNTY, GEORGIA
9151 TARA BOULEVARD, ROOM 1CL181, JONESBORO, GEORGIA 30236
TELEPHONE: (770) 477-3388 * FACSIMILE: (770) 472-8159

JACKSON BOONE

**Plaintiff**

Vs.                                                    2021CV01686

JEFFREY HOTZ                                           Case Number

**Defendant**

## SUMMONS

TO THE ABOVE NAMED DEFENDANT(S):
You are hereby summoned and required to file with the Clerk of said Court and serve upon
Plaintiff's Attorney, whose name and address is:

Zachary P.T. Lundgren, Esq.
Morgan & Morgan Atlanta, PLLC
191 Peachtree St NE, Suite 4200
P.O. Box 57007
Atlanta, GA 30343-1007

answer to the complaint which is herewith served upon you, within 30 days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will
be taken against you for the relief demanded in the complaint.

**TIKI BROWN**
**CLERK OF COURT**
**State Court of Clayton County**

By: Janice Miller
Deputy Clerk

2021CV01666

e-Filed 7/26/2021 7:04 PM

*Tiki Brown*

**Tiki Brown**
Clerk of State Court
Clayton County, Georgia
Janice Miller

# IN THE STATE COURT OF CLAYTON COUNTY, GEORGIA

9151 TARA BOULEVARD, ROOM 1CL181, JONESBORO, GEORGIA 30236
TELEPHONE: (770) 477-3388 * FACSIMILE: (770) 472-8159

JACKSON BOONE

_____
                                    Plaintiff

Vs.

TITAN TRANSFER, INC.

_____
                                    Defendant

2021CV01686

Case Number

## SUMMONS

TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file with the Clerk of said Court and serve upon Plaintiff's Attorney. whose name and address is:

Zachary P.T. Lundgren, Esq.
Morgan & Morgan Atlanta, PLLC
191 Peachtree St NE, Suite 4200
P.O. Box 57007
Atlanta, GA 30343-1007

answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will be taken against you for the relief demanded in the complaint.

**TIKI BROWN**
**CLERK OF COURT**
**State Court of Clayton County**

Janice Miller
_____
By:
Deputy Clerk